IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GBMC, LLC, and GBRI, LLC,

    Plaintiffs,

v.                                      CASE NO. 3:11-cv-442-MW/EMT

PROSET SYSTEMS, INC., PROVENT
SYSTEMS, INC., MCMURRY
CONSTRUCTION CO., INC., and
TRAVELERS CASUALTY AND
SURETY COMPANY,

    Defendants.

_____/

## ORDER DENYING TRAVELERS CASUALTY AND SURETY COMPANY'S MOTION FOR SUMMARY JUDGMENT

Before this Court is Defendant Travelers Casualty and Surety Company's ("Travelers") Motion for Summary Judgment, ECF No. 146, wherein it argues that the five year statutory-limitation period ran prior to the filing of the Plaintiffs' complaint. The crux of this issue is when the statute of limitations began to run with respect to claims of latent defects against Travelers, the surety to the construction contract.

At the outset, this Court rejects Travelers' argument that the statute of limitations began to run in accordance with section 13.7.1 of the Contract Documents entered into between the Owner and the Contractor.[1] Section 13.7.1 provides that the statute of limitations – as between the Owner and Contractor – shall commence to run no later than the date of Substantial Completion for acts or failures to act that occurred prior to the relevant date of Substantial Completion.

Florida law makes plain that parties may not shorten the applicable statute of limitations through a contractual agreement: "Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void." § 95.03, Fla. Stat. (2004). As both parties agree, under controlling case law, the trigger for the beginning of the five-year statute of limitations period as to a surety on a performance bond under section 95.11(2), Florida Statutes, is the "date of acceptance of the project as having been completed according to terms and conditions set out in the construction contract." *Federal Insurance Company v. Southwest Florida Retirement Center, Inc.*, 707 So. 2d 1119, 1121 (Fla. 1998).

Here, Travelers does not argue that the two-year statute of limitations provision contained within the Performance Bond is applicable, presumably because Travelers understands that such would be invalid under section 95.03,

---

[1] While the Performance Bond contains a statute of limitations period, it does not indicate when the statute begins to run.

Florida Statutes. Instead, Travelers suggests that under section 13.7.1 of the Contract Documents, the limitations period begins to accrue upon "substantial completion." Starting the accrual period at "substantial completion" – in accordance with section 13.7.1 of the Contract Documents – instead of the "date of acceptance of the project as having been completed according to terms and conditions set out in the construction contract" would run afoul of section 95.03, Florida Statutes, because it would have the effect of "contravene[ing] Florida law by effectively reducing the otherwise applicable limitation period." *See Lakeview Condo. Owner's Ass'n v. Nationwide Mut. Ins. Co.,* No. 3:09cv543-WS, 2011 WL 1453813, at *2 (N.D.Fla. April 7, 2011); *accord Oriole Gardens Condos., III, v. Independence Casualty & Surety Company*, No. 11-60294-CIV, 2012 WL 718803, at * 11 n.9 (S.D.Fla. March 6, 2012); *Palm Vista Condo. Ass'n of Hillsborough County, Inc., v. Nationwide Mut. Fire Ins. Co.*, No. 8:09-CV-155-T-27EAJ, 2010 WL 4274747, at * 6 (M.D.Fla. Oct. 7, 2010).[2]

As referenced above, in *Federal Insurance*, the Supreme Court of Florida has set forth when the statute of limitations begins to run as to a surety for latent defects on a performance bond under section 95.11(2)(b), Florida Statutes. In

---

[2] Travelers' arguments in its Supplemental Memorandum of Law in Support of its Motion for Summary Judgment, ECF No, 215, are not well taken. Travelers' attempt to distinguish the holding of *Lakeview*, *Oriole Gardens*, and *Palm Vista* from the instant case is unpersuasive. Further, it is undisputed that Florida law controls. Thus, it is of little import what courts in Pennsylvania, Illinois, Maryland, New Jersey, Kentucky, California, Massachusetts, Wisconsin, and New York have done, particularly where the laws of these states do not parallel Florida law on this point.

doing so, the Supreme Court "expressly h[e]ld that section 95.11(2)(b), Florida Statutes (1981), as it applies to an action on a performance bond, accrues on the date of acceptance of the project as having been completed according to terms and conditions set out in the construction contract." *Federal Ins.*, 707 So. 2d at 1121. After reading the papers and conducting a hearing on the motion wherein this Court explicitly inquired of the parties what the phrase "acceptance of the project as having been completed according to terms and conditions set out in the construction contract" means in the context of this case, this Court has yet to hear a cogent answer from the parties.

Essentially, Travelers argues that "accepted as completed" is the very latest point in time that a claim against the bond can start to run, and that accrual begins when the contractor stops working on the project and there is no further construction for the contractor to perform. This stance is untenable because it is inconsistent with the holding in *Federal Insurance*. It effectively reads out the "accepted" portion of the *Federal Insurance* standard, the very portion of the standard the Supreme Court of Florida reiterated: "[the surety's] obligation in respect to latent defects accrues from the acceptance of the construction project." *Federal Ins.*, 707 So. 2d at 1121 n.5. Likewise, Travelers' argument at the hearing on the motion that the language used by the Supreme Court in *Federal Insurance* is intended to be a "backstop" is unavailing. To the extent that Travelers argues that

4

the final payment and acceptance of the project without any reservation is the backstop, *factually*, this Court has no quarrel with the law so stated. However, Travelers' notion that "acceptance as complete" is the backstop for when the statute of limitations accrues is misplaced.

The Supreme Court of Florida has expressly set forth when the statute of limitations accrues. While Travelers seeks to modify, qualify, and change the statement set forth in *Federal Insurance*, Travelers, nor this Court, may do so. In the case at bar, there are material facts in dispute[3] as to when the "acceptance of the project as having been completed according to terms and conditions set out in the construction contract" occurred. Therefore, Travelers' motion for summary judgment is due to be denied.

For these reasons,

It is ordered:

Defendant Travelers Casualty and Surety Company's (Travelers) Motion for

---

[3] During the hearing on the motion in response to the Court's inquiry as to whether there are material facts in dispute, Travelers' counsel insinuated that on a motion for summary judgment a federal court is more likely to resolve disputes in determining whether the motion should be granted. This Court feels obligated to note explicitly that it does not resolve factual disputes when ruling on motions for summary judgment.

Summary Judgment, ECF No. 146 is **DENIED**.

SO ORDERED on April 16, 2013.

s/Mark E. Walker  
United States District Judge